Filed 8/7/15  P. v. Jackson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C078118 |
| Plaintiff and Respondent, | (Super. Ct. No. SF129591A) |
| v. | |
| ROBERT LOUIS JACKSON III, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Robert Louis Jackson III has asked us to review his conviction pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm the judgment as modified.

**BACKGROUND**

A complaint filed in October 2014 charged defendant Robert Louis Jackson III with felony hit and run (count 1; Veh. Code, § 20001, subd. (a)), misdemeanor driving on a license suspended for drunk driving (count 2; Veh. Code, § 14601.2, subd. (a)), and

1

failing to provide evidence of financial responsibility, an infraction (count 3; Veh. Code, § 16028, subd. (c)).

Defendant pleaded guilty to all counts. At the time of the plea, counsel stipulated to a factual basis providing in relevant part that on September 21, 2014, defendant was driving a car on a street in Stockton and collided with a boy riding his bicycle on the same street in the opposite direction. While the boy's mother and a neighbor were rendering aid, defendant moved the bicycle out of the path of his car and drove away.

The trial court suspended imposition of sentence and placed defendant on five years of formal probation, with 180 days in county jail on count 1 and an additional 10 days consecutive on count 2, with 52 days of credit for time served. The court subsequently entered an order granting appellate counsel's motion for correction of the record, which awarded defendant 52 days of conduct credit, giving him a total of 104 days of presentence custody credit.

The court imposed a $300 restitution fine, plus a $30 surcharge (Pen. Code, § 1202.4, subd. (b)),[1] as well as a $40 court security fee (also known as a court operations assessment, § 1465.8) and a $30 conviction assessment (also known as a court facilities assessment, Gov. Code, § 70373, subd. (a)(1)) on each of counts 1 and 2. The court ordered victim restitution in an amount to be determined and recited other terms and conditions of probation, but did not incorporate any pre-existing probation order by reference, instead concluding: "That will be the order in both cases as I laid that out." Defendant and the court both signed the resulting order of probation. Defendant filed a timely notice of appeal therefrom.[2]

---

[1] Further undesignated statutory references are to the Penal Code.

[2] At the same hearing, the trial court sentenced defendant in an apparently unrelated misdemeanor domestic violence case--case No. SM282289A--to which the court had taken a "plea in abeyance" on an earlier date. Because neither defendant's notice of

2

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We note two errors involving mandatory monetary obligations. First, the trial court failed to orally order defendant to pay a second suspended $300 restitution fine per section 1202.44. The probation order contains this fine. Further, the court expressly declined when announcing the sentence to impose any fees for count 3, reasoning that it was an infraction. However, section 1465.8 mandates a $40 assessment for infractions as well as greater crimes, and Government Code section 70373, subdivision (a)(1) mandates a $35 assessment for infractions (as well as $30 for greater crimes). Again, the probation order added the required assessments, reflecting correct totals for counts 1 through 3 of $120 and $95 for the security and conviction assessments, respectively.

Although the correct mandatory fines and fees appear in the probation order, which defendant signed, because the trial court expressly declined to orally order the required fees for count 3 and did not incorporate by reference or otherwise mention the second restitution fine, we modify the judgment to impose and suspend the second $300 restitution fine and impose the additional $40 security fee and $35 conviction assessment on count 3. No changes to the probation order are required.

---

appeal, nor his opening brief, reference the domestic violence case, and that case is a misdemeanor, we do not address it.

3

## DISPOSITION

As modified, the judgment is affirmed.


                                                                          DUARTE          , J.

We concur:


         RAYE             , P. J.


         MAURO          , J.